Filed 4/1/14  P. v. Castellanos CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE L. CASTELLANOS,<br><br>    Defendant and Appellant. | B247986<br><br>(Los Angeles County<br>Super. Ct. No. BA380676) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Norm Shapiro, Judge.  Affirmed.

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Roberta L. Davis, Deputy Attorney General, for Plaintiff and Respondent.

_____

This case is before us for the second time.  A jury convicted Jose L. Castellanos on one count of second degree robbery under Penal Code section 211 and found true the allegation that the offense had been committed to benefit a criminal street gang under section 186.22, subdivision (b)(1).  The trial court sentenced appellant to the low term of two years for the robbery plus five years for the gang enhancement.

In the prior appeal, we concluded that substantial evidence did not support the gang enhancement and therefore reversed that finding and remanded the matter to the trial court for resentencing.  On remand, the trial court imposed the upper term of five years on the robbery count.

On appeal, appellant contends the trial court relied on impermissible factors during the resentencing, thus denying appellant his constitutional rights.

We disagree and affirm.

## BACKGROUND

On January 31, 2011, Salvador Figueroa was at a video arcade when he went outside to check on his bicycle which he had locked and chained to a parking meter.  After checking on his bike, Figueroa turned around to re-renter the arcade and saw codefendant Oscar Ernesto Lopez blocking the entry.  Lopez asked Figueroa how much the bicycle cost and if he would sell it.  Figueroa responded that the bicycle was inexpensive but that he did not want to sell it because it was his only means of transportation.  Lopez again offered to buy the bicycle and Figueroa declined.  Lopez then became aggressive and said, "Give me your keys to your lock."

Figueroa tried to walk away when appellant came out of the arcade and blocked Figueroa.  Appellant, who had his hands in his pockets, told Figueroa "take everything out of your pockets."  When Figueroa did not do so, appellant stated, "take everything out of your pockets or your life."  Figueroa at this point noticed the shape of a gun in appellant's pocket, with the gun's barrel pointing toward Figueroa's stomach.[1]  Figueroa

---

[1] Figueroa testified that he never saw a gun, only the shape of one and no gun was found on appellant or Lopez.

2

emptied his pants pocket and handed Lopez two dollars in quarters.  Appellant again insisted that Figueroa take everything out of his pockets and Figueroa saw that his cell phone was visible in his shirt breast pocket.  When appellant reached to grab the cell phone, Figueroa initially tried to cover the phone to stop appellant and then thought better of it and let appellant take the cell phone.  Appellant and Lopez then ran away.  Figueroa went into the arcade and called the police.

After arresting appellant and Lopez, police officers asked Figueroa to identify the suspects and Figueroa identified appellant as "the one who had the gun who robbed him" and identified Lopez as the one who wanted the key to his bicycle and stood by as Figueroa was being robbed.

Appellant was convicted of second degree robbery and the jury found to be true the gang allegation.

## ORIGINAL SENTENCING

Codefendant Lopez was sentenced to the upper term of five years on the robbery count and the five year gang enhancement was imposed and stayed.

During his first sentencing hearing, appellant's trial counsel argued for a five-year sentence because appellant had no prior felony convictions and because the case did not involve a "shooting, stabbing, something along those lines."  Appellant's counsel also argued that a five year sentence on a "15-year exposure, is not out of line" given that prosecution had made a pretrial offer of 10 years where there was "a 25-year approximate exposure."  The prosecution argued for a seven-year sentence.  The court stated at the hearing that it understood where the prosecution was coming from stating, it was "a first conviction of a serious nature" and that appellant was "very fortunate to receive a deference from the district attorney in this case."  The trial court also noted that Lopez was sentenced to a five-year term and had been willing to take a pretrial offer for a five-

3

year term but could not because appellant declined his pretrial offer and requested trial.[2] The court, however, emphasized to appellant that "your request for a trial and your subsequent conviction is not being considered as any factor in regards to the punishment, whatever the sentence should properly be. It's up to the court to impose the proper sentence after hearing from both parties in this case."

The trial court explained that it disagreed with appellant's trial counsel that appellant should get the same five-year sentence as Lopez. While the trial court believed that the lengthy maximum sentence of 15 years was "not absolutely necessary" in this case, the court also stated that it "was wavering between the mid term and low term" but would follow the prosecution's recommendation of the low term of two years. The trial court sentenced appellant to an aggregate term of seven years based on the lower term of two years on the second degree robbery count and five years on the gang enhancement. In addition to the usual fines and fees, the court ordered $50 restitution to Figueroa as appellant was "the one who actually took the [cell] phone."

**HEARING AFTER SUCCESSFUL APPEAL**

After appellant's successful appeal of the gang enhancement, the trial court held a scheduling conference with no parties present.[3] The court stated that "[t]he problem posed is as follows: At the time of sentencing . . . Lopez was given a five-year term, the high term for robbery," and noted that Lopez had been willing to plead to the offense with a five-year term but appellant had wished to go to trial. At appellant's sentencing, in order to "fashion a seven-year sentence, the court imposed a low term of two years with

---

[2] The prosecution offered a package plea offer, requiring appellant to accept a 10-year plea offer and Lopez to accept a five-year plea offer; since appellant declined the 10-year offer, Lopez was unable to enter a plea in return for five years before trial.

[3] The trial court noted that after this Court reversed on the gang allegation, the case returned to the trial court and it took appropriate action as to Lopez. We grant the Attorney General's November 15, 2013 request for judicial notice of the amended minute order for August 2, 2011, which includes the February 11, 2013 nunc pro tunc order, in Lopez's case.

4

the five-year enhancement on the gang allegation, for seven years" but the "[t]he court at no time felt that [appellant] should receive less time than [Lopez]. In fact, the court felt, based on the facts of the case, [appellant] should be punished more severely." But, as "the case now stands, [appellant] has a two-year term which appellate counsel indicates is close to having been served, and [appellant] is due to be released, or should be released." The court noted that it was "inclined to impose a higher term for the robbery and yet comply with the appellate court by striking the gang allegation."

## RESENTENCING

At the resentencing hearing, the trial court noted that at appellant's original sentencing the prosecution had "urged the court to impose a seven-year term, which I thought was very – I don't want to use the wrong word here, but which I thought was a very fair position for them to take, under the circumstance. And in imposing and in requesting that seven-year term, the only way to get that term was to impose the low term of two years for the offense with a five-year additional term for the gang enhancement." The court noted, however, that the Court of Appeal determined the gang enhancement was erroneous and, while the prosecutor had indicated[4] that she believed the Court of Appeal's concerns could have been overcome with differently framed questions during the trial, "it was what it was" and appellant was the beneficiary of the error. The court also stated that it felt, "based on everything it said that at the time at the original sentence, that a five-year term is therefore the appropriate term. The only reason you were given the low term was to accommodate a seven-year term, and the only way to get to that seven-year term was the low term of two and the five-year enhancement." Appellant's

---

[4] The trial court stated that "when I spoke to Miss Ta about this, it was her feeling that the Court of Appeal had looked at the matter carefully, and had the issue or the testimony or the question at the trial been framed a little bit differently, she believes it would have overcome the Court of Appeals' [sic] concern; however, it was what – it was what it was, and it was erroneous, and, therefore you were the beneficiary of the Court of Appeal opinion ordering this court to resentence you, striking that five-year enhancement." There is no indication in the record of when or under what circumstances this discussion took place.

5

trial counsel argued that the "aggravating factor" in the original sentencing was the gang allegation "[b]ut as we sit here today, legally, the gang allegation is gone" and that the court's decision to impose a low term sentence "in a sense shows that there was some mitigation, because the court definitely could have imposed a higher sentence at the time." Defense counsel also stated that he believed "the court referenced that [appellant] should actually get a higher sentence than [Lopez] because of [Lopez's] willingness to plea." The court then stated, "I don't want you or this record to reflect in any way that the sentence that [appellant] may get is any punishment for going to trial. That's not what this court does." The court then noted that in other cases it had given sentences after trial that were the same or less than what was offered before trial.

After the court read out loud the transcript from the sentencing hearing and argument from appellant's counsel about the court's authority to impose a sentence greater than two years, the court stated:

"Sometimes people such as [appellant] benefit, and I want to use this word very carefully – just a quirk in the situation, and if that happens, it happens.

"This court, however, feels that your client – and I'll put it, say, quote, is the more culpable of the two individuals here, and that's why, at the time of the sentence initially, in the transcript I read from, the court was thinking in excess of five years, and the district attorney urged the court to kind of put on the brakes and maybe impose perhaps a seven-year term, which I thought was very fair and reasonable, so that's what I did."

The prosecution argued for a new sentence of the upper term of five years, noting that appellant "was the individual who demanded the property, and he was the individual who actually took the property from the victim." The court then sentenced appellant to the upper term of five years on the second degree robbery count, stating "I don't feel a two-year or three-year term is justified."

## DISCUSSION

On appeal, appellant contends that the trial court impermissibly re-sentenced appellant to the upper term because appellant had refused to accept a 10-year plea bargain

6

while Lopez had accepted a plea offer for five years and the court "decided it was not going to give appellant less" than Lopez. Appellant also contends that there was no evidence to support the trial court's conclusion that appellant was more culpable than Lopez, arguing that appellant and Lopez were equally culpable. Finally, appellant contends that none of the factors the trial court gave for imposing the upper term are valid aggravating factors and that therefore the middle term of three years was appropriate. We disagree and affirm. The record supports the trial court's conclusion that appellant was the more culpable of the two defendants.

"Robbery of the second degree is punishable by imprisonment in the state prison for two, three, or five years." (Pen. Code, § 213, subd. (a)(2).) "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court. . . . The court shall select the term which, in the court's discretion, best serves the interests of justice. The court shall set forth on the record the reasons for imposing the term selected . . . ." (§ 1170, subd. (b).)

"'Sentencing courts have wide discretion in weighing aggravating and mitigating factors [citations], and may balance them against each other in "qualitative as well as quantitative terms" [citation] . . . . We must affirm unless there is a clear showing the sentence choice was arbitrary or irrational.' [Citations.]" (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.) A single aggravating factor supported by substantial evidence is sufficient to impose either an upper term or a consecutive term. (*People v. Osband* (1996) 13 Cal.4th 622, 732; *People v. Jones* (2009) 178 Cal.App.4th 853, 863, fn. 7 [only single aggravating factor needed to impose aggravated term].) "'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' [Citation.]" (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)

7

A trial court's original sentencing choices do not constrain the court "from imposing any sentence permitted under the applicable statutes and rules on remand, subject only to the limitation that the aggregate prison term could not be increased." (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1256.) "When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components." (*People v. Hill* (1986) 185 Cal.App.3d 831, 834.)

A defendant, however, may not be penalized for exercising his right to a jury trial. (*In re Lewallen* (1979) 23 Cal.3d 274, 278-281; *People v. Collins* (2001) 26 Cal.4th 297, 306 ["the state is prohibited by the federal Constitution from punishing a defendant for the exercise of a constitutional right"].) Likewise, sentencing discretion cannot be exercised with the purpose of punishing a successful appeal. (*People v. Ali* (1967) 66 Cal.2d 277, 281 ["a defendant is not required to risk his life to invoke his right to appeal . . . ."]; *Alabama v. Smith* (1989) 490 U.S. 794, 798-799 ["'Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.' [Citation.]"].) "There must be some showing, properly before the appellate court, that the higher sentence was imposed as punishment for exercise of the right." (*People v. Angus* (1980) 114 Cal.App.3d 973, 989-990.)

Here, the trial court increased appellant's sentence on the robbery count from two years to five years after the five-year gang enhancement was reversed. The trial court stated at appellant's original sentencing that appellant's request for a trial was not being considered as a factor and stated at the re-sentencing hearing that appellant's sentence was not a punishment for going to trial. In the ex parte hearing, the trial court stated that, based on facts of the case, it felt appellant should be punished more severely than Lopez, and at the re-sentencing hearing, stated that it felt that appellant was "the more culpable of the two individuals here." Although appellant characterizes appellant and Figueroa as

8

equally culpable, the record supports the trial court's conclusion: while Lopez initiated the encounter with Figueroa by asking to buy his bicycle and later demanding that Figueroa give him the key to the bicycle, it was appellant who threatened Figueroa to empty his pockets or risk his life, appellant who pointed something in his pocket that looked like a gun, and appellant who, after Figueroa complied by taking money out of his pocket and handing it to Lopez, demanded and removed Figueroa's cell phone from Figueroa's pocket. Thus, while Lopez asked to buy Figueroa's bicycle and demanded the key to the bicycle, he did not take either the bicycle or the key from Figueroa. Rather, it was not until appellant's actions that property was taken from Figueroa.[5]

Accordingly, we find no abuse of discretion in the trial court's decision to sentence appellant to the upper term on the second degree robbery count.

**Disposition**

The judgment is affirmed.

NOT TO BE PUBLISHED.


CHANEY, Acting P. J.

We concur:


JOHNSON, J.               MILLER, J.[*]

---

[5] To the extent appellant argues in his reply brief that the trial court's re-sentencing of appellant was influenced by an ex parte conversation with the prosecution in which the prosecutor indicated that differently worded questions to the gang expert would have overcome the reasons for this Court's reversal of the gang enhancement in appellant's first appeal, the record reflects that the trial court's re-sentencing was based on appellant's greater culpability in the robbery, as supported by the evidence, and not because of speculation about possible gang evidence.

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9